## Case No. 7,439.

JOLLY et al. v. The NEPTUNE.

[2 Pet. Adm. 345.] [1]

District Court, D. Pennsylvania. 1804.

[1] [Reported by Richard Peters, Jr., Esq.]

PETERS, District Judge. The statement of this case may be collected, in detail, from the proceedings. The brig in question and her cargo were said to have been captured by the privateer Serpent, commanded by a certain Henry Anderson, averred to have been commissioned by the French republic on a voyage, as it is alleged then performing by the brig Neptune, from a port of St. Domingo, to another port of that island, both interdicted by the military commander in that island; all intercourse being prohibited with any other than two ports, viz. Cape François and Port Republican. The port (Jacmel) at which the brig had been, or that to which she was said to be destined (Les Cayes) were not licensed, but prohibited ports, in possession of the blacks, who are stated to be forbidden by certain ordinances of the authorized agents of the French republic in St. Domingo, as well to neutrals as to French vessels.

The facts stated in the libel and other proceedings by the libellants are shortly these—the brig Neptune, an American registered vessel, and her cargo, belonged to the libellants, residents in Baltimore and citizens of the United States; and was employed in lawful commerce, on a voyage from Baltimore to Surinam, thence to the West Indies and back to the port of Baltimore. They deny that she was in the prosecution of any unlawful trade or intercourse, to or at the island of St. Domingo, or to or at any port in that island. They deny also that they knew of any laws, ordinances or regulations made or promulgated by the French republic prohibiting intercourse with any other than the two ports before mentioned: and although she had touched at Jacmel, with no intention to carry on any prohibited trade or intercourse, yet she was not bound to Les Cayes when she was arrested and captured by the Serpent. They deny that the privateer was duly commissioned, aver that the brig, being tortiously captured, was not prosecuted and impleaded according to the convention subsisting between the United States and the French republic. That the said brig was not condemned by a competent tribunal, or sold to the claimant, Paul Coulon, for a full and valuable consideration, by lawful and competent authority, &c. That the vessel was a registered vessel of the United States, and belonged to the libellants at the time of her sailing from Baltimore and capture, are in proof and not denied. The pretended condemnation of this vessel is attempted to be proved, by alleged copies of the proceedings of a tribunal sitting on board a French vessel at sea, on board whereof were the military commander of part of the island of St. Domingo, together with two others, who style themselves officers of the court of prizes established under the French republic, at the Mole, in the island of St. Domingo. By this alleged tribunal, in which M. de Noailles, a French general presided, a proceeding was had, in the absence of the captured vessel, which had been sent for a port in the island of Cuba. This proceeding began at seven o'clock in the morning of the day on which it was finished: the commencement and conclusion of the cause occupied but a few hours, under the idea of the necessity of urgency, as therein stated. It appears on the face of the copies of these proceedings, that they were had at sea, and far beyond any jurisdictional limits claimed by any country. The French part of the island of St. Domingo had been abandoned by the officers civil and military of the French republic. Those who were then on board of the vessel carrying these officers, who held the supposed court, were driven from the

place wherein their authority had been exercised, and were then flying from the blacks, who had gained possession of the scene of their former alleged jurisdiction.

There is no other proof of any facts alleged by the claimant than that contained in the exhibits purporting to be copies of these proceedings. And whether this alleged court and its proceedings are lawful, and such as I am bound to respect, is the main question in this cause.

I have no hesitation in declaring that in my opinion, that pretended court was unlawful. It was not warranted by the usage and laws of nations, or the convention between the United States and France. It would be an unnecessary waste of time to shew by any reasoning or authorities, that that court was illegitimate. The officers then composing it— the place where it was held, and the circumstances attending the whole transaction—the haste and informality, and (it being an unauthorized tribunal) I may add the injustice of its proceedings, afford ample data to justify me in rejecting all proofs, or legal effects, claimed under its allegations or decrees: sufficient evidence to warrant every objection, appears on the face of its proceedings.—There is no proof therefore, before me, that the property of the vessel in the libel mentioned has been lawfully divested from her American owners. I do therefore adjudge, order and decree, that the said brigantine Neptune with her tackle, apparel and furniture be restored to the libellants with costs and charges.